# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROSETTA BURROUGHS,

        Plaintiff,

   and

MEDICAID/BADGERCARE and
MEDICARE PART A,                                                Case No. 04-C-968

        Subrogated-Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

## DECISION AND ORDER

Plaintiff Rosetta Burroughs, who, on November 19, 2001, sustained injuries after stumbling and falling on a sidewalk outside the Post Office in Kenosha, Wisconsin, brings this action against the United States of America ("government") under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., alleging that the government was negligent and violated the Wisconsin Safe Place Statute, Wis. Stat. § 101.11. I have jurisdiction pursuant to 28 U.S.C. § 1346(b). Pursuant to Fed. R. Civ. P. 12(b)(5), defendant moves to dismiss the complaint for failing to timely serve the Attorney General as required by Fed. R. Civ. P. 4(i)(1)(B) and (M), and, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's Safe Place claim for failure to state a claim upon which relief can be granted. Pursuant to Fed. R Civ. P. 4(m), plaintiff asks me to enlarge the time for service on the attorney general.

Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to serve the Attorney General within 120 days], the court shall extend the time for service." Good cause means a valid reason for delay. Coleman v. Milw. Bd. Of Sch. Dirs., 290 F.3d 932, 934 (7th

Cir. 2001). In the present case, plaintiff does not provide a valid reason for delay. However, if good cause does not exist, I may, in the exercise of discretion, extend the time for service. Id.; see also Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). In the present case, plaintiff experienced considerable difficulty in determining whether the government or the City of Kenosha owned the sidewalk on which she fell. Further, she timely served the United States Attorney for the Eastern District of Wisconsin; thus, the government had notice of the suit within the time prescribed by Rule 4(m). Finally, if I do not extend the time for service, plaintiff will not be able to proceed because the statute of limitations will have run. Therefore, I will extend the time to serve the attorney general for thirty days from the date of this order.

With respect to the government's motion to dismiss plaintiff's Safe Place claim, I may dismiss only if it is clear that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of her facts are accurate, she has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on such a motion, the court must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

The Safe Place Statute imposes certain duties of care on owners of "place[s] of employment," and it defines such places in part as being places "where any person is, directly or indirectly, employed by another for direct or indirect gain or profit." Wis. Stat. § 101.01(11). Thus, in order to be a "place of employment," premises must be used by a profit making enterprise. Ruppa v. Am. States Ins. Co., 91 Wis.2d 628, 639 (Wis. 1979). Further,

"[i]nstitutions operated by nonprofit or governmental organizations are not places of employment." Id. Because the Kenosha Post Office is an institution operated by a governmental organization, pursuant to Ruppa, it is not a place of employment.[1]

Plaintiff argues that in waiving its sovereign immunity pursuant to the Federal Tort Claims Act, the United States consented to be treated exactly like a private individual and not a sovereign entity in determining tort liability. Thus, argues plaintiff, the United States is not a "governmental organization" for purposes of the Safe Place Statute. However, the Safe Place Statute's exemption for governmental organizations is not based on sovereign immunity but on the fact that governmental organizations are not profit making enterprises. Nothing in the Federal Tort Claims Act turns the United States into a profit making enterprise within the meaning of the Safe Place Statute. Accordingly, defendant's motion to dismiss plaintiff's Safe Place claim will be granted.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to extend the time to serve the Attorney General is **GRANTED** to the extent that plaintiff has thirty days from the date of this order within which to serve the Attorney General pursuant to Fed. R. Civ. P. 4.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiff's Safe Place claim is **GRANTED**.

---

[1] Before the Supreme Court of Wisconsin decided Ruppa, the Seventh Circuit held that a post office is a place of employment for purposes of the Safe Place Statute. See Am. Exch. Bank of Madison, Wis. v. United States, 257 F.2d 938, 944 (7th Cir. 1958); see also Bean v. United States, 219 F. Supp. 8, 10 (E.D. Wis. 1963) (relying on Am. Exch. Bank and holding that a post office is a place of employment under the Safe Place Statute). Since Ruppa states that institutions operated by governmental organizations are not places of employment, I conclude that American Exchange Bank is no longer good law insofar as it holds that post offices can be considered places of employment under the Safe Place Statute.

Dated at Milwaukee, Wisconsin this 27 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge